Sean P. DeBruine (SBN 168071)(sdebruine@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
1950 University Avenue, Suite 505
East Palo Alto, CA 94303
Telephone: (415) 765-9500
Facsimile: (415) 765-9501

Steven M. Zager (*pro hac vice*)(szager@akingump.com)
Michael Simons (*pro hac vice*)(msimons@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, Texas 77002
Telephone: (713) 220-5800
Facsimile: (713) 236-0822

Michael A. O'Shea (*pro hac vice*)(moshea@akingump.com)
Paul A. Gennari (*pro hac vice*) (pgennari@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Attorneys for Plaintiffs
MEDTRONIC, INC.,
MEDTRONIC VASCULAR, INC.,
MEDTRONIC USA, INC.,
MEDTRONIC VASCULAR GALWAY, LTD.,
MEDTRONIC SOFAMOR DANEK, INC., and
SDGI HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC.,<br>MEDTRONIC VASCULAR, INC.,<br>MEDTRONIC USA, INC.,<br>MEDTRONIC VASCULAR GALWAY, LTD.,<br>MEDTRONIC SOFAMOR DANEK, INC., and<br>SDGI HOLDINGS, INC.<br><br>      Plaintiffs,<br> v.<br>KYPHON INC.,<br>      Defendant. | **CASE NO. C06-02559 SI**<br><br>**PLAINTIFFS' MOTION TO DEEM THIS ACTION "FIRST-FILED" AND ORDER DEFENDANT TO RESPOND TO COMPLAINT OR IN THE ALTERNATIVE TO ENJOIN SECOND-FILED ACTION**<br><br>Date: June 30, 2006<br>Time: 9:00 a.m.<br>Before: Hon. Susan Illston<br>Courtroom: 10 |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ............................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................... 2

    I.    INTRODUCTION ................................................................................................. 2

    II.    FACTUAL BACKGROUND ................................................................................. 3

        B.    Medtronic's California Patent Complaint ..................................................... 3

        C.    Kyphon's Amended Patent Claim .................................................................. 4

    III.    KYPHON'S AMENDED PATENT CLAIM DOES NOT "RELATE BACK" TO DR. SANDHU'S TRADE SECRET COMPLAINT AND THUS MEDTRONIC'S CALIFORNIA PATENT COMPLAINT IS THE FIRST-FILED ACTION ................................................................................... 4

        A.    Medtronic's California Patent Complaint Is The "First-Filed Action" On The Kyphon Patent Claims ......................................................... 5

            1.    An Amendment Only "Relates Back" To the Original Complaint If It Arose Out Of The Same Conduct, Transaction Or Occurrence ............................................................ 5

            2.    Kyphon's Amended Patent Claim Does Not Arise From the Same Conduct, Transaction or Occurrence as Dr. Sandhu's Trade Secret Allegations ................................................................ 7

            3.    Kyphon Fails the Supreme Court's Rule 15(c) Test ........................ 8

            4.    Kyphon Also Fails the Compulsory Counterclaim Test ................... 9

        B.    The Northern District of California is the Appropriate Forum for Kyphon's Amended Patent Claim ................................................................ 10

        C.    Kyphon's Amended Patent Claim is Identical to Medtronic's California Patent Complaint and Thus Should Be Enjoined as the Second-Filed Action ..................................................................................... 11

    IV.    CONCLUSION .................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984) .................................. 2, 7

*Cardiovascular Imaging Systems v. Boston Scientific Corp.*, 1994 U.S. Dist. LEXIS 6722 * 6-7 (N.D. Cal. April 26, 1994) ........................................................................................... 4, 6

*Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 893 F.2d 26, 28-29 (2d Cir. 1990) .......................... 8, 10

*FieldTurf Inc. v. TurfUSA, LLC*, 2004 WL 67916, *2 (W.D. Ky. Jan. 13, 2004) ...................... 7, 9

*Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993) ........................... 3, 9

*L. Cohen Group v. Herman Miller, Inc.,* 2006 U.S. Dist. LEXIS, *11-12 (N.D. Cal. Jan. 19, 2006) ................................................................................................................................. 9

*Maddox v. Kentucky Fin. Co.*, 736 F.2d 380, 382 (6th Cir. 1984) ................................................ 8

*Mann Design Ltd. v. Bounce, Inc*., 138 F. Supp. 2d 1174 (D. Minn. 2001) ............................... 5, 6

*Mead Data Central, Inc. v. West Publ'g Co*., 679 F. Supp. 1455 (S.D. Ohio 1987) ................. 7, 9

*Measurements Corp. v. Ferris Instrument Corp.*, 159 F.2d 590 (3d Cir. 1947) ........................... 9

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93 (6th Cir. 1997) ........................................... 3

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith*, 587 F. Supp. 1112 (D. Del. 1984) ................................................................................................... 5, 6, 9

*Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246 (9th Cir. 1987) .................................................... 8

*Polymer Indus. Products Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935 (Fed. Cir. 2003) .... 10

*Provident Life & Accident Ins. Co. v. United States*, 740 F. Supp. 492 (E.D. Tenn. 1990) ........ 10

*Schulman v. California*, 237 F.3d 770 (9th Cir. 2001) ................................................................. 8

*Smith v. S.E.C.*, 129 F.3d 356 (5th Cir. 1997) .............................................................................. 7

*Vanguard Research, Inc. v. Peat, Inc.*, 304 F.3d 1249, 1256 (Fed. Cir. 2002) ............................ 9

*Wilton v. Seven Falls, Inc.*, 515 U.S. 277 (1995) ......................................................................... 4

## RULES

Fed. R. Civ. P. 13(a) ..................................................................................................................... 8

Fed. R. Civ. P. 15(c)(2) ................................................................................................................ 4

# NOTICE OF MOTION AND MOTION

TO DEFENDANT KYPHON, INC. AND ITS COUNSEL OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT, on Friday, June 31, 2006 at 9:00 am or as soon thereafter as this matter may be heard, in Courtroom 10 of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, plaintiffs Medtronic, Inc., Medtronic Vascular, Inc., Medtronic USA, Inc., Medtronic Vascular Galway, Ltd., Medtronic Sofamor Danek, Inc., and SDGI Holdings, Inc., (the "Medtronic plaintiffs" or "Medtronic") will, and hereby do, move the Court for an Order (a) finding that this action is deemed the first-filed action between these parties involving the subject matter of the Complaint in this action; (b) that defendant Kyphon be ordered to answer or otherwise plead to the Complaint within twenty (20) days and, in the alternative, (c) that Defendant Kyphon be enjoined from prosecuting the subject matter of this action between these parties in the second-filed action in the United States District Court for the Western District of Tennessee, as pled in Counts IX-XIII in Plaintiffs' Amended Complaint in the action captioned *Sandhu et al., v. Medtronic Sofamor Danek, Inc. et al.*, No. 05CV2863-MI V (W.D. Tenn.).

As basis for this Motion, as set forth more fully in the Memorandum of Points and Authorities below, Medtronic states that patent claims at issue here were not raised in the action currently pending in the Western District of Tennessee until after Medtronic's complaint was filed in this Court, that the subject matter in the Tennessee case does not arise out of the same conduct, transaction or occurrence, and that Kyphon's later filed patent causes of action in the Tennessee case do not relate back to the subject matter of the original complaint purposes of determining priority.

Medtronic therefore respectfully requests that this Court grant its motion in the form of the Proposed Order filed herewith. This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities herein, the Declaration of Sean P. DeBruine filed herewith ("DeBruine Decl."), and on such argument of counsel and other evidence or argument that the Court may permit.

PLAINTIFFS' MOTION TO DEEM ACTION FIRST-FILED
AND ORDER DEFENDANT TO RESPOND TO COMPLAINT
OR IN THE ALTERNATIVE TO ENJOIN SECOND-FILED ACTION

1

CASE NO. C:06-02559 SI


## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Medtronic instituted this action by filing the patent infringement Complaint in this Court on April 13, 2006 ("Medtronic's California Patent Complaint"). Defendant Kyphon, Inc. responded two weeks later not in this court, but in a different action pending in another court involving a third party, *Sandhu et al. v. Medtronic Sofamor Danek, Inc. et al.*, No. 05CV2863-MI V (W.D. Tenn.) ("Dr. Sandhu's Trade Secret Complaint"). DeBruine Decl., Ex. A. In that case, Kyphon simultaneously filed an amended complaint ("Kyphon's Amended Patent Claim"), *Id*., Ex. B and a motion to enjoin the present action from proceeding in this Court, *Id*., Ex. C.

The sole issue in the present motion is whether Kyphon's Amended Patent Claim "relates back" to Dr. Sandhu's Trade Secret Complaint under Federal Rule of Civil Procedure 15(c)(2). Since these two actions are ***unrelated***, Kyphon's Amended Patent Claim does not "relate back" and thus cannot be considered to be filed as of the date of Dr. Sandhu's Trade Secret Complaint. Instead, Medtronic's California Patent Complaint, filed ***before*** Kyphon's Amended Patent Claim, is the first-filed action concerning Kyphon's patents. As a result, the subject matter of the present action should be litigated in this Court.

Kyphon's Amended Patent Claim is the second-filed action because Kyphon cannot establish under Rule 15(c)(2) that its patent claims "arise out of the same conduct, transaction or occurrence" as Dr. Sandhu's Trade Secret Complaint. The two actions are completely different and concern different parties, legal issues and analyses. In fact, the Tennessee court's determination on Dr. Sandhu's Trade Secret Complaint will have ***no effect*** on the determination on Kyphon's Amended Patent Claim. Dr. Sandhu is a key witness in the trade secret action, but had nothing to do with Kyphon's patents and is thus ***irrelevant*** to Kyphon's Amended Patent Claim. Likewise, the claim interpretation and the prior art analysis in the Kyphon patent action are ***irrelevant*** to the trade secret action. In fact, Kyphon is only a party to Dr. Sandhu's Trade Secret Complaint because Kyphon paid Dr. Sandhu $20 million for his rights in that case.

In order to invoke Rule 15(c), an original pleading must give a defendant ***fair notice*** of what the amended claims are. *See, e.g., Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3

PLAINTIFFS' MOTION TO DEEM ACTION FIRST-FILED
AND ORDER DEFENDANT TO RESPOND TO COMPLAINT
OR IN THE ALTERNATIVE TO ENJOIN SECOND-FILED ACTION

2

CASE NO. C:06-02559 SI

(1984). However, Dr. Sandhu's Trade Secret Complaint provides **no notice whatsoever** of Kyphon's Amended Patent Claim. The only issues raised in Dr. Sandhu's Trade Secret Complaint concern misappropriation of trade secrets. Kyphon's patents are **never** mentioned. Kyphon tacitly admits this, stating in its brief in Tennessee: "Kyphon initially did not believe that it was necessary to litigate the infringement of its patents by MSD's Equestra[1] device." *Id*., Ex. C at 5. Thus, by its own admission, Kyphon acknowledges that its amendment does not meet the Supreme Court's fair notice requirement and thus was not the first-filed action concerning this controversy.

## II.  FACTUAL BACKGROUND

The present motion involves three complaints: (a) Dr. Sandhu's Trade Secret Complaint; (b) Medtronic's California Patent Complaint; and (c) Kyphon's Amended Patent Claim.

### A.  DR. SANDHU'S TRADE SECRET COMPLAINT

On November 23, 2005, Dr. Sandhu filed his complaint in the Western District of Tennessee alleging trade secret misappropriation, and other related claims, including breach of contract. This complaint raised one narrow issue: whether Medtronic improperly used a 1999 disclosure submitted by Dr. Sandhu in developing its osteotome. DeBruine Decl., Ex. A.

Kyphon is a party in Dr. Sandhu's Trade Secret Complaint only because it paid $20 million to Dr. Sandhu for "licensing rights" to his disclosure. *Id*., Ex. D&E. Kyphon asserted no claims outside the scope of its deal with Dr. Sandhu. Significantly, Kyphon did not allege that any of its patents were infringed by Medtronic in Dr. Sandhu's Trade Secret Complaint.

### B.  MEDTRONIC'S CALIFORNIA PATENT COMPLAINT

On April 13, 2006, Medtronic, Inc. and five related Medtronic entities filed this action against Kyphon concerning nine patents. Medtronic's California Patent Complaint[2] involves four Medtronic patents infringed by Kyphon (Count 1) and five Kyphon patents asserted to be invalid and not infringed by Medtronic (Count 2). This was the first patent litigation between the parties. None of the

---

[1]  The osteotome at issue in Medtronic's declaratory relief causes of action is a product that evolved from a prior project at Medtronic referred to as "Equestra."

[2]  Medtronic's California Patent Complaint was amended yesterday, adding an additional patent and withdrawing a patent. It still contains four Medtronic patents and five Kyphon patents, and thus the amendment does not affect the first-filed issue.

patents or legal issues raised in Medtronic's California Patent Complaint relates to Dr. Sandhu's Trade Secret Complaint.

The Northern District of California is the logical forum for Medtronic's California Patent Complaint because Kyphon's principal place of business is in the Northern District of California and the three named inventors of Kyphon's patents are listed as residents here. Thus, the majority of Kyphon's witnesses will be located in the Northern District of California. Moreover, the Medtronic patents are owned by Medtronic Vascular, Inc., which has its principal place of business in the Northern District of California.

### C. KYPHON'S AMENDED PATENT CLAIM

On April 26, 2006, Kyphon amended Dr. Sandhu's Trade Secret Complaint to allege infringement of the same Kyphon patents raised in Count 2 of Medtronic's California Patent Complaint, two weeks earlier. Dr. Sandhu had nothing to do with Kyphon's patents and Kyphon's Amended Patent Claim has no connection to Dr. Sandhu's allegations of trade secret misappropriation. These are compulsory counterclaims to Medtronic's California Patent Complaint.

### III. KYPHON'S AMENDED PATENT CLAIM DOES NOT "RELATE BACK" TO DR. SANDHU'S TRADE SECRET COMPLAINT AND THUS MEDTRONIC'S CALIFORNIA PATENT COMPLAINT IS THE FIRST-FILED ACTION

The Ninth Circuit follows the rule that when duplicative actions are filed in two federal courts, the action with first-filed status takes precedence over the second-filed action. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1997). The Federal Circuit has made clear that when a first-filed declaratory action of patent non-infringement is followed by an identical infringement action, the declaratory action is the first-filed case. *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937-38 (Fed. Cir. 1993) ("[A] first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action."), *overruled on other grounds*, *Wilton v. Seven Falls, Inc.*, 515 U.S. 277 (1995).

A. **MEDTRONIC'S CALIFORNIA PATENT COMPLAINT IS THE "FIRST-FILED ACTION" ON THE KYPHON PATENT CLAIMS**

1. **An Amendment Only "Relates Back" To the Original Complaint If It Arose Out Of The Same Conduct, Transaction Or Occurrence**

An amendment to a pleading "relates back" to the filing date of the original pleading only when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). If the amendment does *not* arise out of the same conduct, transaction or occurrence as the claims in the original pleading, the amendment does *not* receive the filing date of the original pleading.

In *Cardiovascular Imaging Systems v. Boston Scientific Corp.*, 1994 U.S. Dist. LEXIS 6722 * 6-7 (N.D. Cal. April 26, 1994), DeBruine Decl., Ex. F, the court found that an amended patent claim did not "relate back" to the original patent complaint even though both the complaint and amendment involved ***patents on the same technology***. Boston Scientific filed a declaratory action in Massachusetts on Cardiovascular's '185 patent on ultrasonic imaging catheters. Two days later, Cardiovascular filed a declaratory action in California on Boston Scientific's '677 patent, also on ultrasonic imaging catheters. Shortly thereafter, Boston Scientific amended its original complaint to include the '677 patent and moved to dismiss Cardiovascular's action, stating that its amended complaint "related back" to the original complaint.

The Northern District of California ruled that the '677 patent amendment did ***not*** relate back to the original complaint, "because the '677 dispute does not 'arise out of the conduct, transaction or occurrence'" as the '185 patent dispute. *Id.* at *7. Even though Boston Scientific argued that there was "considerable overlap in the technology and potential witnesses," *id*. at *5, this Court determined that there was no relation back because "the '677 patent raises completely different infringement issues and completely different prior art issues." *Id.* at *7. Accordingly, Cardiovascular's declaratory action was deemed to be the first-filed case on the '677 patent issues. *Id.*

In *Mann Design Ltd. v. Bounce, Inc*., 138 F. Supp. 2d 1174 (D. Minn. 2001), declaratory plaintiff Mann filed its original complaint in Minnesota district court against Bounce. Bounce then filed a complaint in Colorado asserting infringement on two additional patents. The Minnesota Court

PLAINTIFFS' MOTION TO DEEM ACTION FIRST-FILED
AND ORDER DEFENDANT TO RESPOND TO COMPLAINT
OR IN THE ALTERNATIVE TO ENJOIN SECOND-FILED ACTION

5

CASE NO. C:06-02559 SI

determined that Mann was unable to establish that the two additional patents "related back" to its original pleading in Minnesota and dismissed Mann's amended pleading, stating, "Mann has failed to establish that Counts II and III, added to this action by the First Amended Complaint, 'relate back' to the original Complaint seeking declaratory judgment as to the '061 patent. The Colorado action is therefore the 'first filed.'" *Id.* at 1179. In analyzing the issue, the Minnesota district court noted that several district courts reviewing the "relation back" doctrine "have held that a claim for the alleged infringement of one patent is the same 'conduct or occurrence' as a claim for the alleged infringement of another patent *only where 'the second patent was 'part and parcel' of the controversy surrounding the earlier patent.'" Id.* at 1178 (citations omitted) (emphasis added).

In *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith*, 587 F. Supp. 1112 (D. Del. 1984), a case involving trade secret and patent allegations, the district court denied Merrill Lynch's motion for leave to file an amended pleading under Rule 15 even though the ***same product*** was at issue in both the amended pleading and the original pleading. Paine Webber brought a declaratory action stating that its RMA cash management system did not infringe Merrill Lynch's cash management patent. As a counterclaim, Merrill Lynch alleged patent infringement. Later, Merrill Lynch attempted to amend its pleading under Rule 15 to include trade secret misappropriation allegations against the same accused product, the RMA cash management system. Even though the identical product was at issue in the patent and trade secret claims, the district court rejected Merrill Lynch's amended pleading as not arising out of the same transaction or occurrence:

> The [patent] claim asserted by Paine Webber and the trade secret misappropriation counterclaim of Merrill Lynch are ***not the same*** nor is there any indication that there would be a duplication of evidence. Paine Webber's claim is that the patents involved are invalid, unenforceable and not infringed. The transactions or occurrences involved in Paine Webber's claim are the activities of Merrill Lynch in obtaining its patents and Paine Webber's designing and implementing its computer hardware and software which supports its RMA system. On the other hand, the manner in which Paine Webber explained its RMA services to its brokers, the way it organized its offices to handle RMA accounts and its method of marketing those accounts have nothing to do with Paine Webber's claim that Merrill Lynch's patents are invalid, unenforceable and not infringed. It cannot be said that Merrill Lynch's unfair competition counterclaim arises of out Paine Webber's claim.

587 F. Supp. at 1114 (emphasis added).

PLAINTIFFS' MOTION TO DEEM ACTION FIRST-FILED
AND ORDER DEFENDANT TO RESPOND TO COMPLAINT
OR IN THE ALTERNATIVE TO ENJOIN SECOND-FILED ACTION

6

CASE NO. C:06-02559 SI

### 2. Kyphon's Amended Patent Claim Does Not Arise From the Same Conduct, Transaction or Occurrence as Dr. Sandhu's Trade Secret Allegations

Kyphon's Amended Patent Claim and Dr. Sandhu's Trade Secret Complaint concern different facts and involve completely different legal issues. For example, Dr. Sandhu's Trade Secret Complaint is based entirely on Dr. Sandhu's allegation that Medtronic misappropriated a purported trade secret and allegedly used his 1999 disclosure to develop a new product. DeBruine Decl., Ex. A, Count III. Kyphon's only connection with Dr. Sandhu's Trade Secret Complaint is that it paid Dr. Sandhu $20 million for his rights to the 1999 disclosure. DeBruine Decl., Ex. D&E. Regardless, *Kyphon did not raise – or even hint at – any issues of patent infringement by Medtronic in Dr. Sandhu's Trade Secret Complaint*. The only factual and legal issues raised in Dr. Sandhu's Trade Secret Complaint involve whether Dr. Sandhu's 1999 disclosure was "used" by the inventors of Medtronic's new osteotome.

In stark contrast, Kyphon's Amended Patent Claim does not involve trade secret or contract issues. Rather, the factual and legal issues involve interpretation of Kyphon's patents, whether Medtronic's osteotome contains the claimed elements of Kyphon's patents, and whether the teachings of the prior art invalidate Kyphon's patents. The key witnesses will be Kyphon's employees and named inventors, who have no bearing whatsoever on Dr. Sandhu's Trade Secret Complaint. Accordingly, Dr. Sandhu is a key witness in the trade secret action, but *has nothing to do* with Kyphon's patent action. Resolution of the trade secret action will resolve no issues raised in Kyphon's Amended Patent Claim. This demonstrates that there is virtually no overlap between Kyphon's Amended Patent Claim and Dr. Sandhu's Trade Secret Complaint. *See Mann*, 138 F. Supp. 2d at 1178 (to relate back, amended complaint must be "'part and parcel' of the controversy"); *Cardiovascular*, 1994 U.S. Dist. LEXIS 6722, * 6-7.

Plaintiffs allege that Kyphon's Amended Patent Claim is related to Dr. Sandhu's Trade Secret Complaint because both "focus upon MSD's Equestra project, and . . . the design, functionality, use, development, patenting and commercialization of the Equestra." DeBruine Decl., Ex. C at 9-10. This inaccurate statement vastly overstates the slight overlap in the two actions. Although Medtronic's osteotome is at issue in both actions, the similarity ends there. Dr. Sandhu is alleging that the

PLAINTIFFS' MOTION TO DEEM ACTION FIRST-FILED AND ORDER DEFENDANT TO RESPOND TO COMPLAINT OR IN THE ALTERNATIVE TO ENJOIN SECOND-FILED ACTION

7

CASE NO. C:06-02559 SI

osteotome was developed using his 1999 disclosure, while Kyphon is alleging that the osteotome infringes its patents. There is little if any overlap of issues, witnesses or evidence. *See FieldTurf Inc. v. TurfUSA, LLC*, 2004 WL 67916, *2 (W.D. Ky. Jan. 13, 2004), DeBruine Decl., Ex. G., ("To focus on a few overlapping facts is to lose sight of the broad scope of each action."); *Mead Data Central, Inc. v. West Publ'g Co.*, 679 F. Supp. 1455, 1462 n. 5 (S.D. Ohio 1987) (recognizing "that there may be some practical problems with regard to overlapping discovery, but not[ing] that overlapping discovery cannot be equated with overlapping evidence"). The *Mead Data* court also noted that "[a]n enormous amount of evidence which is quite relevant to the antitrust claim will be completely irrelevant to the copyright [action]." 679 F. Supp. at 1462. The same is true here. The evidence regarding trade secret misappropriation will be irrelevant to issues of non-infringement and invalidity of Kyphon's patents and vice versa.

Since the determination in Dr. Sandhu's trade secret action will have *no effect* on Kyphon's patent action, it is clear that these two unrelated claims do not arise from the same conduct, transaction or occurrence. Accordingly, Kyphon's Amended Patent Claim cannot relate back to the filing date of Dr. Sandhu's Trade Secret Complaint. For the same reasons, Dr. Sandhu's Trade Secret Complaint is not entitled to first-filed status over Medtronic's California Patent Complaint concerning Kyphon patents. For the first-filed rule to apply, Dr. Sandhu's Trade Secret Complaint and Medtronic's California Patent Complaint must be "duplicative," which they are clearly not. *Smith v. S.E.C.*, 129 F.3d 356, 361 (5th Cir. 1997) (two actions are duplicative only where the issues "have such an identity that a determination in one leaves little or nothing to be determined in the other.").

### 3. Kyphon Fails the Supreme Court's Rule 15(c) Test

According to the Supreme Court, the rationale for the relation back provision of Rule 15(c) is "that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984) (citation omitted). "[T]he Federal Rules of Civil Procedure … require that the pleadings 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' …[If] the initial 'pleading' [does] not contain such notice, it [is] not an original pleading that could be [relied upon] by invoking Rule 15(c)." *Id.* (citations omitted).

1  Dr. Sandhu's Trade Secret Complaint only provided notice of trade secret misappropriation
2 based on a breach of contract. There was no notice in Dr. Sandhu's Trade Secret Complaint of an
3 infringement allegation of Kyphon's patents. Again, Kyphon tacitly admits this, stating in its motion:
4 "Kyphon initially did not believe it was necessary to litigate the infringement of its patents by MSD's
5 Equestra device." DeBruine Decl., Ex. C at 5. Thus, by its own admission, Kyphon acknowledges
6 that its amendment does not meet the Supreme Court's fair notice requirement for Rule 15(c).
7 Accordingly, Kyphon's Amended Patent Claim does not "relate back" to Dr. Sandhu's Trade Secret
8 Complaint.

9 **4. Kyphon Also Fails the Compulsory Counterclaim Test**

10 In its injunction motion filed in Tennessee, in addition to alleging that its newly-amended
11 patent claims relate back under Rule 15(c), Kyphon also alleges that the Kyphon patent issues raised in
12 Medtronic's California Patent Complaint are compulsory counterclaims to Dr. Sandhu's Trade Secret
13 Complaint under Rule 13(a). DeBruine Decl., Ex. C at 1 and 10. However, the Kyphon patents do not
14 arise out of the same transaction or occurrence as Dr. Sandhu's Trade Secret Complaint and so both
15 allegations are wrong. Since Count 2 of Medtronic's California Patent Complaint is ***not*** a compulsory
16 counterclaim to Dr. Sandhu's Trade Secret Complaint, Kyphon's motion for an injunction in Tennessee
17 is without merit. *Computer Assoc. Int'l, Inc. v. Altai, Inc*., 893 F.2d 26, 29 (2d Cir. 1990) (improper to
18 enjoin related proceedings where claim therein would not have been compulsory counterclaim).

19 Similar to the Rule 15(c)(2) relation back test, a claim is a compulsory counterclaim only if it
20 "arises out of the same transaction or occurrence that is the subject matter of the opposing party's
21 claims…" Fed. R. Civ. P. 13(a). The test adopted by both the Ninth and Sixth Circuits for determining
22 whether a claim arises out of the "same transaction or occurrence" is the "logical relationship" test.
23 *Schulman v. California*, 237 F.3d 770, 967 (9th Cir. 2001); *Maddox v. Kentucky Fin. Co*., 736 F.2d 380,
24 382 (6th Cir. 1984).

25 In determining whether a logical relationship exists, courts consider whether the claim and
26 counterclaim will present different legal, factual, and evidentiary questions, and whether the claims
27 should be heard together in the interests of judicial economy and efficiency. *Pochiro v. Prudential Ins.*
28 *Co.*, 827 F.2d 1246, 1249 (9th Cir. 1987); *Maddox*, 736 F.2d at 383.

Under this analysis, courts readily hold that declaratory patent claims (as in Medtronic's California Patent Complaint) are *not* compulsory counterclaims to a trade secret misappropriation claim involving the *same technology* (as in Dr. Sandhu's Trade Secret Complaint), and *vice versa*. *See Vanguard Research, Inc. v. Peat, Inc.*, 304 F.3d 1249, 1256 (Fed. Cir. 2002) (noting that a later-filed patent declaratory judgment action was not a compulsory counterclaim to a trade secret action involving the same technology); *Paine Webber*, 587 F. Supp. at 1114.

Courts that have dealt with similar issues likewise find that such claims are not compulsory counterclaims. *See Mead Data Central,* 679 F. Supp. at 1461-62. (anticompetitive claims, including improper use of trade secrets, held not to be compulsory counterclaims to copyright infringement action because evidentiary questions presented by an anticompetitive action are for the most part unrelated and irrelevant to the copyright action ); *FieldTurf,* 2004 WL 67916, *2 (patent action alleging acts of infringement were not compulsory counterclaims to an action for breach of the license agreement because the legal theories—patent claims vs. breach of contract—are distinctly different); *Measurements Corp. v. Ferris Instrument Corp.*, 159 F.2d 590 (3rd Cir. 1947) (claim for title to a patent was not a compulsory counterclaim to a non-infringement and invalidity declaratory judgment action involving the same product, because the patent at issue in the title claim was completely different from those in the declaratory claim and therefore did not arise from the same transaction or occurrence).

### B. THE NORTHERN DISTRICT OF CALIFORNIA IS THE APPROPRIATE FORUM FOR KYPHON'S AMENDED PATENT CLAIM

The Northern District of California has the strongest nexus to this controversy. Kyphon's principal place of business is in this district, as well as that of Plaintiff Medtronic Vascular, Inc. All of the patents at issue in Medtronic's California Patent Complaint are owned by corporations located in this district. California clearly is the most convenient forum for the witnesses in both Counts. *See Genentech*, 998 F.3d at 938 ("sound reasons presented for Genentech's choice of the Indiana forum, for in its suit Genentech joined Lilly, an Indiana company"); *L. Cohen Group v. Herman Miller, Inc.,* 2006 U.S. Dist. LEXIS, *11-12 (N.D. Cal. Jan. 19, 2006). DeBruine Decl., Ex. H.

PLAINTIFFS' MOTION TO DEEM ACTION FIRST-FILED AND ORDER DEFENDANT TO RESPOND TO COMPLAINT OR IN THE ALTERNATIVE TO ENJOIN SECOND-FILED ACTION

10

CASE NO. C:06-02559 SI

Allowing this case to proceed in the Western District of Tennessee instead of this Court would defeat the policy behind the Declaratory Judgment Act. "[T]he purpose of the Declaratory Judgment Act [is] to enable a person caught in controversy to obtain resolution of the dispute, instead of being forced to await the initiative of the antagonist." *Genentech*, 998 F.2d at 937. Thus, a declaratory judgment plaintiff in a patent action is entitled to its choice of forum over a later-filed infringement action. Otherwise, the patent owner would automatically be granted its choice of forum. *Id*. at 937-38. Accordingly, the logical choice of forum for Medtronic's California Patent Complaint—Kyphon's principal place of business—should control.

### C. KYPHON'S AMENDED PATENT CLAIM IS IDENTICAL TO MEDTRONIC'S CALIFORNIA PATENT COMPLAINT AND THUS SHOULD BE ENJOINED AS THE SECOND-FILED ACTION

The parties agree that Kyphon's Amended Patent Claim is duplicative of Medtronic's California Patent Complaint. DeBruine Decl., Ex. C at 10. As the second-filed action, Kyphon's Amended Patent Claim is a compulsory counterclaim to Count 2 of the California Patent. *See, e.g., Polymer Indus. Products Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935 (Fed. Cir. 2003) ("[I]t is generally recognized that when the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringement is compulsory.") (citation omitted). Therefore, these claims are properly brought in the Northern District of California. *See Provident Life & Accident Ins. Co. v. United States*, 740 F. Supp. 492 (E.D. Tenn. 1990); *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 893 F.2d 26, 28-29 (2d Cir. 1990).

### IV. CONCLUSION

For the foregoing reasons, Medtronic requests that the Court issue an Order (a) deeming the Complaint in this Court the first-filed action with respect to the subject matter herein and compelling

PLAINTIFFS' MOTION TO DEEM ACTION FIRST-FILED AND ORDER DEFENDANT TO RESPOND TO COMPLAINT OR IN THE ALTERNATIVE TO ENJOIN SECOND-FILED ACTION

11

CASE NO. C:06-02559 SI

1  defendant to respond thereto, or in the alternative (b) enjoining defendant from attempting to litigate
2  this subject matter in the Western District of Tennessee.

3  Respectfully submitted,

4  Dated: May 26, 2006          AKIN GUMP STRAUSS HAUER & FELD LLP

6  By: _____/s/_____
       Sean P. DeBruine

7  Attorney for Plaintiffs
   MEDTRONIC, INC.,
8  MEDTRONIC VASCULAR, INC.,
   MEDTRONIC USA, INC.,
9  MEDTRONIC VASCULAR GALWAY, LTD.,
   MEDTRONIC SOFAMOR DANEK, INC., and
10 SDGI HOLDINGS, INC.