Frank E. Scherkenbach, SBN 142549 (scherkenbach@fr.com)
Fish & Richardson P.C.
225 Franklin Street
Boston, MA  02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Karen I. Boyd, SBN 189808 (boyd@fr.com)
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Thomas S. McClenahan, SBN 203204 (mcclenahan@fr.com)
Fish & Richardson P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN  55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696

Attorneys for Defendant
KYPHON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC VASCULAR GALWAY LTD., MEDTRONIC SOFAMOR DANEK, INC., and SDGI HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KYPHON, INC., <br><br> Defendant. | Civil Action No. C06-02559 SI <br><br> **KYPHON'S COMBINED** <br><br> **(1) OPPOSITION TO PLAINTIFFS' MOTION TO DEEM THIS ACTION "FIRST-FILED" AND ORDER DEFENDANT TO RESPOND TO COMPLAINT OR IN THE ALTERNATIVE TO ENJOIN SECOND-FILED ACTION AND** <br><br> **(2) CROSS-MOTION TO DISMISS FOR LACK OF JURISDICTION** <br><br> Date: June 30, 2006 <br> Time:  9:00 a.m. <br> Before:  Hon. Susan Illston <br> Courtroom:  10 |

## NOTICE OF CROSS-MOTION AND CROSS-MOTION

PLEASE TAKE NOTICE that at 9:00 a.m. on June 30, 2006, or as soon thereafter as it may be heard, the Court will hear Defendant Kyphon Inc.'s ("Kyphon") cross-motion to dismiss for lack of jurisdiction in the courtroom of the Honorable Susan Illston, Courtroom 10 of the United States District Court, Northern District of California, located at 450 Golden Gate Ave., San Francisco, California.

Defendant moves for an order to dismiss all declaratory judgment counts of the Complaint filed by plaintiffs Medtronic, Inc., Medtronic Vascular, Inc., Medtronic USA, Inc., Medtronic Vascular Galway Ltd., Medtronic Sofamor Danek, Inc., and SDGI Holdings, Inc. (collectively, "Plaintiffs") on April 13, 2006 and all declaratory judgment counts of the Amended Complaint filed May 25, 2006.  This motion is made pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(2) on the grounds of lack of declaratory judgment jurisdiction under 28 U.S.C. § 2201(a).  Defendant relies on the Memorandum in Support of this motion, the Declaration of Karen Boyd ( "Boyd Decl."), submitted in support of this motion, as well as the pleadings and papers on file and evidence submitted to the Court.

## I. INTRODUCTION

Medtronic's motion asks this Court to belatedly insert itself into a fully-briefed motion and cross-motion before Judge McCalla in the Western District of Tennessee. Because Tennessee is unquestionably the forum where suit on Medtronic's Eqeustra product was first filed (last November), in accordance with well-established caselaw, Kyphon and its co-plaintiff asked the Tennessee court to resolve the "first-filed" issue and determine whether Kyphon's patent claims on the Equestra product should be heard with the other Equestra-related claims already pending in Tennessee. Remarkably, Medtronic does not even mention the Tennessee motions in its papers filed with this Court, nor does it make any attempt to explain why this Court should waste its resources to address, in parallel, the same "first-filed" issue already being resolved in Tennessee. Medtronic's motion is plainly an attempt to "end run" the Tennessee court and should be rejected on that basis alone.[1]

Moreover, Medtronic has failed allege facts sufficient to provide this Court with subject matter jurisdiction over its declaratory judgment claims—a hurdle that must be overcome before the "first-filed" issue could even be considered in this Court. To establish jurisdiction, Medtronic needed to demonstrate that Kyphon had put it under a reasonable apprehension of being sued for patent infringement at the time its declaratory judgment claims were filed. The vague allegations in Medtronic's April Complaint, however, are not even close to establishing the required reasonable apprehension. Thus, not only should the Court deny the instant motion, but the Court should grant Kyphon's cross-motion and dismiss Medtronic's declaratory judgment claims under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) for lack of subject matter jurisdiction.

---

[1] Given the circumstances, rather than fully briefing the merits of the "first-filed" issue again, Kyphon has provided a full set of the briefs filed by the parties in Tennessee. The briefs are attached to the Declaration of Karen Boyd as Exhibits A-C.

## II. ARGUMENT

### A. The Tennessee Court Should Decide This Issue.

In November 2005, Kyphon and a well-respected orthopedic surgeon, Dr. Harvinder Sandhu, filed suit in the Western District of Tennessee against several Medtronic entities (many of the same ones listed as Plaintiffs here) for the alleged theft and unauthorized patenting of inventions embodied in Medtronic's Equestra product. In apparent retaliation for the Tennessee suit, in April 2006, Medtronic filed the instant action, asserting four of its own patents and requesting a declaratory judgment that the same Equestra device does not infringe Kyphon's patents. By virtue of Kyphon's November 2005 filing date, and in accord with the authority submitted by Kyphon in the briefs before the Tennessee court (*see generally* Boyd Decl. Exs. A, C), the court in Tennessee should determine which action is entitled to priority as being the "first-filed" and where the claims relating to the Equestra product should proceed.

In recognition of the established caselaw, shortly after amending its Tennessee complaint, Kyphon filed a motion asking the Tennessee court to decide the "first-filed" issue and enjoin Medtronic from moving forward with its declaratory judgment claims relating to the Equestra product already at issue in Tennessee. Although Kyphon quickly and correctly placed the "first-filed" issue before the Tennessee court, Medtronic nevertheless filed the instant motion in this Court one day after filing its opposition to Kyphon's Tennessee motion in an apparent effort to take a second bite at the apple and keep Kyphon's patent claims out of Tennessee. Both Medtronic's apparent motive and its motion to declare its declaratory judgment claims "first-filed" are improper.

Given the circumstances, Kyphon respectfully submits that the Tennessee court should be allowed to address the "first-filed" issue. If, however, the Court determines otherwise and proceeds to address the merits of the "first-filed" issue in parallel with the Tennessee court, Kyphon respectfully relies upon and incorporates the briefing submitted to the Western District of Tennessee on this issue. (*See* Boyd Decl. Exs. A-C.)

### B. Medtronic's Declaratory Judgment Claims Should Be Dismissed for Lack of Jurisdiction.

Apart from being a "second-filed" action, Medtronic's declaratory judgment claims are also defective because the Court lacks jurisdiction over the claims due to the lack of any reasonable apprehension on the part of Medtronic. Of course, if the Tennessee court enjoins Medtronic from proceeding with its declaratory judgment claims in this Court, then the clear lack of jurisdiction over Medtronic's declaratory judgment claims in this suit will be a moot issue.

The Declaratory Judgment Act states that in a case of "actual controversy" a court may declare the rights and other legal relations of any interested party. 28 U.S.C. § 2201(a). The Federal Circuit has held that an "actual controversy" exists in actions involving a claim for a declaration of patent invalidity or noninfringement only where the plaintiff can demonstrate that the patentee's conduct has placed it under "a reasonable apprehension that it will face a patent infringement suit if it commences or continues the activity at issue." *Microchip Tech. Inc. v. Chamberlain Group, Inc.*, 44 F.3d 936, 941 (Fed. Cir. 2006). This is an objective test, not a subjective one: "[t]he 'reasonable apprehension of suit' test requires more than the nervous state of mind of a possible infringer; it requires that the objective circumstances support such an apprehension." *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha*, 57 F.3d 1051, 1053-54 (Fed. Cir. 1995). And it is Medtronic that has the burden to establish that jurisdiction over its declaratory judgment claims existed at the time of filing. *Intellectual Prop. Dev. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333, 1340 (Fed. Cir. 2001).

In its April Complaint, Medtronic does not even allege that it had a reasonable apprehension that it would face a patent infringement suit. Instead, Medtronic cobbled together a series of vague and irrelevant "facts" apparently designed to establish jurisdiction. (Medtronic Compl. ¶¶ 26-29.) Whether considered separately or together, these alleged facts are legally insufficient for Medtronic to satisfy its burden and show a reasonable apprehension of suit.

First, Medtronic alleges that in 2004 Kyphon asserted a different set of patents against a different product of a company wholly unrelated to Medtronic, Disc-O-Tech Medical

1   Technologies.  (*Id.* ¶ 26.)  This fact is irrelevant to the issue of whether Medtronic had a

2   reasonable apprehension of suit on the Equestra product and the patents it has tried to put at issue

3   here.  The mere fact that a patentee has initiated a patent action in the past is insufficient to

4   establish jurisdiction.  *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 883 (Fed. Cir.

5   1985) (finding "[a] prior patent litigation initiated by Semi-Alloys in 1975, against two other

6   parties unconnected with Indium … too remote to make Indium's apprehension of further

7   litigation in 1982 reasonable.").

8        Medtronic next alleges that "[e]arlier this year, Kyphon requested a sample of Medtronic's

9   osteotome.  Upon information and belief, this request was made in order to allege patent

10  infringement."  (Medtronic Compl. ¶ 27.)  But Medtronic knows full well that the speculation set

11  forth in this allegation is unfounded.  As a defense to Kyphon's Tennessee claims, Medtronic

12  publicly implied that its Equestra product was materially different from the inventions allegedly

13  stolen by Medtronic.  In light of these statements, Kyphon's President and CEO requested a

14  sample of the Equestra product from a Medtronic officer, and explained that "[i]f the product is, in

15  fact, different in material ways, we may be able to simplify the litigation between our companies

16  and save each other and the Court much time and effort."  (Boyd Declaration Ex. D.)  But

17  Medtronic refused to provide a sample product to Kyphon, claiming that "a unilateral review" of

18  the product would somehow give Kyphon "an advantage in litigation."  (*Id.* Ex. E.)  Kyphon then

19  explained that Medtronic's response made no sense because "[c]hief among the important facts [of

20  the Tennessee litigation], of course, is the construction and operation of [Medtronic's] Equestra

21  device."  (*Id.* Ex. F.)  This correspondence shows that the request to see the Equestra product had

22  everything to do with Kyphon's trade secret claims, and nothing to do with preparing to assert a

23  patent infringement case.  Kyphon's attempt to resolve the Tennessee dispute by inspecting the

24  product-at-issue in that case can thus hardly provide an objectively-reasonable apprehension for a

25  separate patent infringement suit—particularly in the absence of any verbal or written threat by

26  Kyphon that it would assert patents against Medtronic.

27

28

Medtronic's April Complaint next alleges that "[u]pon information and belief, Kyphon has also made statements to third parties expressing an intent to bring suit against Medtronic alleging that Medtronic's new competing product infringes Kyphon's patents." (Medtronic Compl. ¶ 28.) These allegations are also baseless. Kyphon has not said anything about its intentions with respect to Medtronic (or any other company for that matter) regarding its patent rights. And, in any event, vague statements by unidentified third parties—which were presumably relayed in some unspecified manner to Medtronic—are insufficient to form a reasonable apprehension of suit. *West Interactive Corp. v. First Data Resources, Inc.*, 972 F.2d 1295, 1297-98 (Fed. Cir. 1992) (finding communications between the potential infringer and a third party did not provide declaratory judgment jurisdiction where there was no allegation that the patentee authorized the third-party communications).

Medtronic also attempts to establish jurisdiction by stating that Kyphon has sued Medtronic on "another unrelated matter" in Tennessee. (Medtronic Compl. ¶ 29.) Although Kyphon disagrees that the Tennessee case and Medtronic's declaratory judgment claims are unrelated (as the Equestra product is at the heart of both claims), Medtronic's alleged belief that these claims are "unrelated" further shows that the Tennessee action could not have provided any reasonable basis for Medtronic to believe that Kyphon would initiate a patent suit when it had not previously done so. Indeed, in its present motion, Medtronic tries to make much of the fact that Kyphon had every opportunity to sue on its patents in Tennessee before the declaratory judgment suit in this Court, *but did not do so*. If anything, then, that should have provided Medtronic with comfort that it would not be sued, not a reasonable apprehension that it would be. *See Teva Pharm. USA, Inc. v. Pfizer Inc.*, 395 F.3d 1324, 1333 (Fed. Cir. 2005) (stating that a declaratory plaintiff "must be able to demonstrate that it has a reasonable apprehension of *imminent* suit.").

In its Amended Complaint, filed the day before the instant motion, Medtronic attempts to bolster its basis for jurisdiction by adding an allegation that Kyphon amended its complaint in Tennessee to add claims of patent infringement two weeks after Medtronic put those patents at

issue in its declaratory judgment action.  (Medtronic Am. Compl. ¶ 29.)  But the law is well settled that actions after Medtronic filed its declaratory judgment claims are irrelevant to the determination of whether Medtronic had a reasonable apprehension of suit.  *Sierra Applied Sciences, Inc. v. Advanced Energy Ind., Inc.*, 363 F.3d 1361 (Fed. Cir. 2004) (stating that conduct after filing is irrelevant in determining whether a party had a reasonable apprehension of suit).  Indeed, the Federal Circuit has expressly stated that a later-filed infringement action cannot support declaratory judgment claims filed months before.  *West Interactive*, 972 F.2d at 1297 n.1 (stating that an infringer cannot rely on a later-filed infringement claim by the patentee to support declaratory judgment claims because the declaratory judgment action must be examined at the time of filing).

This Court has "unique and substantial discretion" to decline jurisdiction.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-88 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."); *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (Fed. Cir. 1996) ("[A]s long as the district court acts in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration, the court has broad discretion to refuse to entertain a declaratory judgment action).  The Court should exercise its discretion and dismiss Medtronic's declaratory judgment claims under Rule 12(b)(1) or 12(b)(6).  *See Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93 (9th Cir. 1982).

/ / /

/ / /

/ / /

### III. CONCLUSION

Kyphon correctly placed the issue of which action was first-filed before the Tennessee court more than a month ago, and the issue has now been fully briefed by the parties. The Tennessee Court is the proper forum to resolve the "first-filed" issue and Medtronic's motion can be denied on that basis alone. In addition, since Medtronic cannot establish a reasonable apprehension of suit at the time it filed its declaratory judgment claims, this Court lacks subject matter jurisdiction over those claims and they should be dismissed.

Dated: June 1, 2006                                   FISH & RICHARDSON P.C.


                                                      By:      /s/
                                                            Karen I. Boyd

                                                      Attorneys for Defendant
                                                      KYPHON, INC.

60360416.doc