IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>KYPHON, INC,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | No. C 06-2559 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS WITHOUT PREJUDICE; DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER** |

　　　　Defendant has filed a motion for leave to file a first amended answer and counterclaim and a motion for Rule 11 sanctions, which are both set for a hearing on December 1, 2006. Pursuant to Civil Local Rule 7-1(b), the Court determines the matters are appropriate for resolution without oral argument, and VACATES the hearing. The case management conference scheduled for 2:30 p.m. remains on calendar. For the reasons set forth below, the Court DENIES both motions. (Docket Nos. 68, 78).

　　　　Defendant seeks to amend its answer to add declaratory relief counterclaims related to United States Patent No. 7,115,128 ("the Michelson II Patent"), which was issued in October 2006. Defendant contends that it is under a reasonable apprehension of suit on this patent because MedtronicSD's management has suggested to various financial analysts that it will try to use the Michelson Patent against Kyphon. Defendant also notes that plaintiff has already sued Kyphon in this case on five of its patents,[1] and that Medtronic and Kyphon are engaged in litigation in Tennessee and Minnesota.

　　　　"An actual controversy must be present before a declaratory judgment action is ripe for adjudication." *See Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992). "To constitute

---

　　　[1] Medtronic dropped its claims concerning one of those patents, the Michelson I patent.

an actual controversy, the plaintiff has the burden of establishing by a preponderance of the evidence, *inter alia*, that it has a reasonable apprehension that it will be sued." *Id.* Here, the Court concludes that defendant has not met its burden to establish a live dispute over the Michelson II patent sufficient to confer jurisdiction. Defendant has not submitted any evidence in support of its motion, and the proposed counterclaims do not allege that Medtronic has ever threatened to sue Kyphon over the Michelson II patent, or even that there have been any communications between the parties regarding that patent. Instead, defendants allege,

> On information and belief, MedtronicSD management has made statements to third parties, including various financial analysts, expressing and implying that the Michelson patent portfolio will help establish a patent position for its Equestra and that Medtronic will use that patent position to damage Kyphon and Dr. Sandhu. On information and belief, MedtronicSD's management was referring directly or indirectly to the Michelson Patent in question when it made those statements, as the patent in question, on information and belief, is the only Michelson patent or patent application that apparently attempts to encompass kyphoplasty within it claims. . . .

Proposed First Amended Answer and Counterclaim ¶ 33. The Court finds that these vague allegations do not satisfy defendant's burden to establish that there is a live dispute regarding the Michelson II patent. Accordingly, because the Court would lack jurisdiction over the proposed counterclaims, the Court DENIES defendant's motion for leave to amend as amendment would be futile.

With regard to defendant's motion for Rule 11 sanctions, the Court finds that while defendant has raised some strong arguments regarding non-infringement, defendant's motion presents issues which would benefit from a fuller record in order to resolve. Accordingly, the Court DENIES defendant's motion without prejudice to renewal after a *Markman* hearing and/or summary judgment motions. The Court is mindful of defendant's desire to avoid incurring unnecessary and expensive litigation costs; defendant may, if appropriate, seek to recover fees and costs at a more advanced phase of this litigation.

Finally, the Court notes that the tenor of the parties' papers was unnecessarily vitriolic. The parties would be well-advised to adopt a more civil tone during the remainder of this litigation.

**IT IS SO ORDERED.**

Dated: November 28, 2006

SUSAN ILLSTON
United States District Judge