Sean P. DeBruine (SBN 168071)(sdebruine@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94036
Telephone: (650) 838-2000
Facsimile: (650) 838-2001

Steven M. Zager (*pro hac vice*)(szager@akingump.com)
Michael Simons (*pro hac vice*)(msimons@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Telephone: (713) 220-5800
Facsimile: (713) 236-0822

Michael A. O'Shea (*pro hac vice*)(moshea@akingump.com)
Paul A. Gennari (*pro hac vice*)(pgennari@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Attorneys for Plaintiffs
MEDTRONIC, INC.,
MEDTRONIC VASCULAR, INC.,
MEDTRONIC USA, INC.,
MEDTRONIC VASCULAR GALWAY, LTD.,
MEDTRONIC SOFAMOR DANEK, INC., and
SDGI HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| MEDTRONIC, INC., MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC VASCULAR GALWAY LTD., MEDTRONIC SOFAMOR DANEK, INC., and SDGI HOLDINGS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> KYPHON INC., <br><br> Defendant. | Civil Action No. C06-02559 SI <br><br> **[PROPOSED] AGREED PROTECTIVE ORDER** |

To facilitate the production and receipt of trade secret or other confidential research, development, or commercial information during discovery in this action, THE COURT HEREBY ORDERS as follows:

## I. CLASSIFICATION OF INFORMATION

1. "CONFIDENTIAL INFORMATION" means information, documents, or things (including transcripts) that (1) have not been made public, and (2) the designating party reasonably and in good faith believes contains or comprises trade secrets or other confidential research, development or commercial information or documents.

2. "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" means Confidential Information that is commercial, financial or marketing in nature and that the designating party reasonably and in good faith believes is so highly sensitive that its disclosure to persons of expertise in the area would reveal significant business or financial advantages of the designating party. It includes information that the designating party reasonably and in good faith believes relates to (1) current business strategic plans, (2) sales, cost and pricing information including future sales/financial projections (3) non-public marketing information including future marketing plans, (4) recent detailed sales and financial data, (5) customer lists, or (6) other information of competitive, financial or commercial significance comparable to the items listed in this paragraph.

## II. PRODUCING AND DESIGNATING INFORMATION

3. Any information produced or disclosed in this action (in pretrial discovery, as a deposition transcript or exhibit, in a pleading or otherwise) deemed to contain or constitute CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY OR CONFIDENTIAL INFORMATION shall be so designated by any party to this action, or any other supplier of that information, (1) in writing by typing, stamping, or affixing conspicuously on its face (in such a manner as will not interfere with the legibility thereof) "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" at the time of production or service thereof, or (2) orally on the record at a deposition or conference. Oral notice shall be effective only for those parties in attendance personally or by counsel, or for those parties who receive a transcript containing or

marked with a confidentiality designation. The designating party shall use due care to designate only information that truly merits such designation.

4.  The introduction of any CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY into open court during the trial or any hearing in this matter shall be governed by pertinent local rules of the Court, future orders of the Court or by stipulation between the parties.

5.  Any party to this action may designate anything as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" and any other person or entity may so designate anything that it produces or discloses. Any non-party producing information in this action may so designate such materials pursuant to Paragraph 23 below.

**A.    Production of Documents and Things**

6.  The designating party shall mark each effected document or thing with a legend stating "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" as appropriate, or a comparable notice. Where a document consists of more than one page, at least the first page and each page on which confidential information appears shall be so marked. This provision shall not apply where it is impractical or infeasible to mark the affected document or thing such as in the case of an original that cannot be readily copied. In the event, the designating party shall provide separate written notice.

7.  If a party inadvertently fails to mark a document that contains confidential information with the appropriate designation, it may later apply such a designation by providing counsel for each other party written notice of the proper designation for each affected document or thing. For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice for any party in attendance personally or by counsel, or who receives a transcript containing such a notice. Upon receiving such a notice, each party shall treat the affected documents or things, and all copies thereof, as designated as the notice states, and each receiving party shall make a reasonable effort to (1) prevent improper use or disclosure of such information and (2) obtain the return of such information that it disclosed to any person not authorized to receive such designated information, subject to its right to contest any designation in accordance with Paragraph 22 below,

[PROPOSED] AGREED PROTECTIVE ORDER        3                    Civil Action No. C06-02559 SI

and subject to the exceptions in Paragraph 18 below regarding use or disclosure of information before receiving notice of any designation. The designating party shall also provide a replacement, marked pursuant to Paragraph 6 above, for each affected document and thing. After receipt of a marked replacement, and upon written request of the designating party, the receiving party shall certify in writing to counsel of the designating party that the receiving party has returned or destroyed, at its option, every affected unmarked document and thing and all copies thereof.

8. Until seven (7) days after receipt, the receiving party shall treat all documents and things received from a producing party as being CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY, regardless of how such documents or things are marked. After that seven-day period, however, documents and things shall be treated in accordance with how they are actually designated, if at all, under Paragraphs 1-7 above.

**B. Production for Inspection**

9. Any entity that produces documents or things for inspection and copying may require by written notice to the receiving party that, with respect to each document or thing, (a) the document or thing shall be (i) treated as if it were designated as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and (ii) reviewed only by persons whom this Protective Order authorizes to receive CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY, and any copies, summaries, excerpts, compilations, notes or other information obtained or generated during the inspection of the document or thing shall be treated as CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY. After designation by the producing party, the documents and things shall be treated in accordance with the designation, if any, of the producing party.

**C. Depositions**

10. A party may designate deposition transcripts and exhibits as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" only (a) orally on the record during the deposition; or (b) by notifying all other parties in writing within 30 days of receiving the transcript of the exhibits, transcript, or portions thereof, that contain CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION.

11. Until thirty (30) days after receiving a deposition transcript, each party shall treat the entirety of each deposition transcript, all information disclosed therein, and each exhibit thereto as CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY unless before the deposition, the exhibit was properly treated as not having any CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION. After the thirty (30) day period, however, deposition transcripts, all information disclosed therein and each exhibit thereto, shall be treated in accordance with how they are actually designated.

**D.  Redactions**

12. Any producing party may redact material from documents and things it produces, including matter that the producing party claims is subject to the attorney-client privilege, work product immunity or other privilege or immunity. The producing party shall mark each document or thing where matter has been redacted with a legend stating "REDACTED FOR PRIVILEGE" or a comparable descriptive notice. Where a document consists of more than one page, at least the first page and each page on which information has been redacted shall be so marked. The producing party shall preserve an unredacted version of each document. This provision shall not affect any obligation to provide a log of information redacted or otherwise withheld on the basis of the attorney-client privilege, work product immunity or other privilege or immunity.

**III.  LIMITATIONS ON USING AND DISCLOSING INFORMATION**

**A.  Limitation on Use and Disclosure**

13. All CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY produced or exchanged during this litigation shall not be disclosed or used except for the purpose of conducting this litigation, including any appeal resulting therefrom, and not for any other business, commercial or other purpose whatsoever. As an example only, such information shall not be used by a recipient for any commercial purpose, for filing, prosecuting or opposing any patent application (of any type) or a similar request for protection, for patent reissue or reexamination request or for developing a product. Notwithstanding the above limitations, the parties agree that all documents produced and all discovery responses served in *Sandhu et al. v. Medtronic Sofamor Danek, Inc. et al.*, Civil Action No. 05-2863-JPM-dkv (W.D. Tenn.) (hereinafter, the

"Tennessee litigation") may be used as if produced or served in this suit subject to the terms of this protective order.

Any attorney for or representing any party who obtains, receives, has access to, or otherwise learns, in whole or in part, technical information designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" under this Protective Order shall not prepare, prosecute, supervise, or assist in the prosecution of any patent application for any party to this case during the pendency of this case and for two years after the conclusion of this litigation, including any appeals. To ensure compliance with the purpose of this provision, each party shall create an ethical wall between those persons with access to technical information designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and those individuals who prepare, prosecute, supervise, or assist in the prosecution of any such patent application.

14. Anything designated CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY shall not be disclosed or made available to any person or entity other than:

A. Attorneys of Wyatt, Tarrant & Combs, LLP; Fish & Richardson P.C.; Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.; Akin Gump Strauss Hauer & Feld LLP, as well as Peter Toren of Sidley Austin LLP, including necessary clerical and support personnel (for example, paralegals, data entry personnel, copy services, visual aid providers or jury consultants) who are assisting such attorneys. Any outside attorney or law firm other than those indicated above may be added to this Protective Order as counsel of record for a party upon ten (10) days advance written notice to all other parties, but shall not be added to the Protective Order nor entitled to access to any CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY should any other party object in writing to the designation of counsel during such ten (10) day period; any such objection shall be resolved by the Court if not resolved among the parties.

B. Chad A. Hanson and Jan Symchych, in-house counsel for Plaintiffs, and David Shaw, in-house counsel for Kyphon Inc., along with their respective in-house paralegal and clerical support staff who are directly involved in the litigation.

C. Outside experts, consultants, and mock jurors who are specifically retained by a party to this action for purposes of this litigation and who are not otherwise currently employed by

[PROPOSED] AGREED PROTECTIVE ORDER     6     Civil Action No. C06-02559 SI

1  (1) a party, or (2) any predecessor, parent or affiliated company of a party, and all necessary clerical

2  and support personnel who assist such experts or consultants, subject to the provisions regarding

3  designating persons under this Protective Order in Paragraph 20 below;

4       D.     The Court and any persons the Court employs whose duties require access to the

5  information, including jurors and court reporters; and

6       D.     Officers before whom a deposition or other testimony is taken (including

7  without limitation, stenographic reporters and videographers) and necessary clerical and support

8  personnel who are assisting such officers, who are provided a copy of this Protective Order and

9  advised that confidential information disclosed to them may not be used in any manner other than with

10  respect to this action.

11      15.     Anything designated "CONFIDENTIAL INFORMATION" shall not be disclosed or

12  made available to any person or entity other than (a) a person or entity authorized in Paragraph 14 above

13  to receive information designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES

14  ONLY"; and (b) Harvinder S. Sandhu, M.D. Furthermore, unless Defendant's counsel has a good faith

15  belief that Dr. Sandhu previously had access to the material *(e.g.,* documents on which he was copied,

16  he received, or he otherwise had access to), Dr. Sandhu shall not have access to: (i) confidential materials

17  produced in, and related solely to, this litigation; or (ii) materials designated "CONFIDENTIAL

18  INFORMATION – ATTORNEYS' EYES ONLY".

19      **B.**    **Filing Under Seal**

20      16.     Anything filed with or submitted to the court (including without limitation, pleadings,

21  motions, transcripts or portions thereof) that comprises, contains, discloses, reproduces or paraphrases

22  any information that is designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES

23  ONLY" or "CONFIDENTIAL INFORMATION" shall be filed under seal in accordance with Civil L.R.

24  79-5 and Judge Illston's Standing Order effective June 23, 2006.

25      **C.**    **Depositions**

26      17.     No person shall attend portions of depositions during which information designated as

27  "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL

28  INFORMATION" is disclosed unless such person is an authorized recipient of such information under

[PROPOSED] AGREED PROTECTIVE ORDER     7     Civil Action No. C06-02559 SI

this Protective Order. If, during a deposition, the response to a question would require the disclosure of CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION, the witness may refuse to answer or complete his or her answer, or any party that designated the information as confidential may instruct the witness not to answer or complete his or her answer, until any persons not authorized to receive that information have left the room. If the persons not authorized to receive confidential information refuse to leave the room, the deposition shall continue as to non-confidential matters only or may be adjourned, at the option of the examining party. Each party reserves its right to demand the suspension of the taking of the deposition under Rule 30(d).

### D. Exceptions

18. Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict the use or disclosure of information, documents or things, if, at the time of such use or disclosure:

    A. A party is merely using or disclosing its own information. A party may freely use and disclose its own CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION without restriction.

    B. The court has ordered such use or disclosure, or the court has ordered the relevant information undesignated. If the court orders such use or disclosure, then unless the court orders otherwise, the information, and any entity receiving any such information, shall otherwise be subject to this Protective Order.

    C. Each party that produced the information or designated the information as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" has consented in writing to such use or disclosure.

    D. The information is used or disclosed in the examination, at a deposition hearing, or trial, of any current or former officer, director, employee, agent, expert or consultant of the party whose information is used or disclosed, so long as that person had access or knowledge of the information.

    E. The person or entity receiving the information wrote, was the source for, or lawfully previously received that information. Counsel may examine a witness in a good faith effort to

[PROPOSED] AGREED PROTECTIVE ORDER      8      Civil Action No. C06-02559 SI

determine whether that person had access to or knowledge of the information, provided that such examination be undertaken without the disclosure of the substance of such confidential information to the witness unless and until counsel has determined, in good faith, from such examination that the witness did, in fact, have lawful access to such information prior to this litigation.

      F.      The information (1) was part of the public domain or publicly available when it was produced, or (2) becomes part of the public domain or publicly available through no act, omission or fault of any receiving party or its counsel or agents, and through no unlawful or improper act of any other person.

      G.      The information is or was independently developed, prior to receipt in this litigation, by the party wishing to use or disclose the information; or

      H.      The information (1) is or was in the lawful possession of the party wishing to use or disclose the information and (2) was not acquired under any obligation of confidentiality to the designating party, nor through the illegal or improper act of any person.

19.    Notwithstanding any provision of this Protective Order, nothing in this Protective Order shall prohibit or otherwise restrict counsel from referring to in a very general way, relying on, or evaluating CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION in the course of advising a party client with respect to this litigation, provided, however, that counsel shall not disclose the specific substance or content of any CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY or CONFIDENTIAL INFORMATION if such disclosure would violate this Protective Order.

## IV. DESIGNATING PERSONS UNDER THE PROTECTIVE ORDER

20.    The parties may in good faith disclose "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" to mock jurors and jury consultants under the protective order provided such persons execute an agreement, in the form attached hereto as Exhibit A that they have read this Protective Order and agree to be bound by all of the provisions hereof and to be subject to the jurisdiction of this court for enforcement. Confidential Business Information designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" shall not otherwise be disclosed by the Receiving

Party to its independent technical, damages, or other consultants retained for purposes of this litigation and their necessary employees until the procedures in subparagraphs (A) through (D) are followed:

    A.    At least five business (5) days before the designated Confidential Information is to be disclosed to any independent expert or consultant or employees thereof, the party wishing to disclose such information shall provide to the opposing party:

        (i)    The person's name, business address, present employer and a current copy of the person's curriculum vitae;

        (ii)    The names of any employees who will be assisting the person; and

        (iii)    An agreement, in the form attached hereto as Exhibit A, from each person and each employee identified in Paragraph (ii) that they have read this Protective Order and agree to be bound by all of the provisions hereof and to be subject to the jurisdiction of this court for enforcement.

    B.    Unless counsel of record for any party notifies proposing counsel of its objection to any person proposed hereunder within five (5) business days after receipt of the information referred to in Paragraph 20(A) above, such person(s) shall thereafter be entitled to receive CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY and CONFIDENTIAL INFORMATION pursuant to the provisions of this Protective Order.

    C.    Should counsel of record notify proposing counsel of its objection to any person proposed hereunder, the parties shall meet and confer within 10 days of any such objection. If the meet and confer is unsuccessful, proposing counsel may thereafter move the court for an order permitting such person to receive CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY and CONFIDENTIAL INFORMATION, provided, however, that no such information may be disclosed to any person as to whom an objection has been made until the motion is decided by the court or by an appellate court, should appellate review be sought.

    D.    Each party agrees that it will not contact any consultant or employee thereof of the opposing party whose identity is revealed under this paragraph, provided, however, that the parties may take discovery of "any witness who has been identified as an expert whose opinions may be presented at trial." Fed.R.Civ.P. 26(b)(4).

    The parties further agree that any independent technical, damages, or other consultants who are

1  designated and authorized to receive CONFIDENTIAL INFORMATION—ATTORNEYS' EYES
2  ONLY and CONFIDENTIAL INFORMATION under the Protective Order in the Tennessee litigation
3  shall also be authorized to receive CONFIDENTIAL INFORMATION—ATTORNEYS' EYES
4  ONLY and CONFIDENTIAL INFORMATION in connection with this litigation.  Such technical,
5  damages, or other consultants need not be re-designated under this Protective Order.

6  21. Counsel for any receiving party who discloses information designated
7  "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" or CONFIDENTIAL
8  INFORMATION" to any person who is authorized to receive such information, shall be responsible
9  for obtaining and keeping a copy of an executed agreement for each such person, as required by
10 Paragraph 20 above.

11 **V.   DISPUTES REGARDING DESIGNATIONS**
12  22. Any party to this action may contest at any time the designation of anything as
13 "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL
14 INFORMATION" by giving the designating party written notice that identifies the relevant designated
15 information and states in reasonable detail the reasons why the information should not be so designated.
16 Any parties in disagreement about such designations shall meet and confer in good faith in person or
17 by telephone to attempt to resolve their disagreement.  If those parties cannot resolve their
18 disagreement within ten (10) days after a party contests the designation, any party may thereafter
19 petition the court to resolve the matter.  The designating party shall bear the burden of establishing that
20 the information should be so designated.  If such an objection or petition is made, such information
21 shall be treated according to the designation that the designating party gives it until the issue is resolved
22 in writing by the parties or the petition is decided by the court or an appellate court, should appellate
23 review by sought.

24 **VI.  THIRD PARTIES**
25  23. This Protective Order applies to all information that a non-party discloses in connection
26 with this litigation.  All information that any non-party designates as "CONFIDENTIAL
27 INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" shall
28 be treated as such in accordance with the terms of this Protective Order, subject to any party's rights to

contest any designation in accordance with Paragraph 22 above.

24. If any person or entity is subpoenaed, ordered by a court of competent jurisdiction, or otherwise legally required to produce information that another entity designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" in this action, the person or entity receiving the request or order shall (a) inform each person or entity that sent such request or order that the information is subject to this Protective Order, (b) immediately notify each designating party of the existence and general substance of each such order or request, (c) promptly furnish each designating party with a copy of the document(s) it received that memorialized the request or order, and (d) not interfere with any designating party's response or objection to any such order or request.

25. Nothing in this Protective Order requires any person or entity to contest, appeal, or violate a subpoena, legal process, or court order. If the designating party wishes to contest any such request or order, it shall have the burden of doing so. The entity receiving the subpoena, process, or order shall be entitled to comply with it unless (a) it is quashed or modified in a way that does not require such compliance, or (b) (i) it need not be complied with yet and (ii) the entity receives notice, within ten (10) days after it notifies each designating party of the existence of the request or order, that an entity has or will contest the request or order.

## VII. WAIVER AND INADVERTENT DISCLOSURES

26. If a producing party inadvertently discloses information without designating such information as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION," that disclosure shall not be deemed a waiver of confidentiality with regard to that information, or similar or related information.

27. Neither the existence of this Protective Order, nor the designation of anything as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" shall, in and of itself, raise any inference as to whether the designated information is confidential.

### A. Privilege or Immunity

28. Nothing in this Protective Order shall be deemed to waive any applicable privilege

or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity. Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

29. If any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity, such disclosure shall not constitute a waiver of the applicable privilege or legal prohibition against disclosure if the producing party provides written notice of the inadvertent disclosure to each receiving party within ten (10) days of becoming aware of the inadvertent disclosure. The parties reserve all rights to seek the return or destruction of all such information and anything relating to such information (including without limitation notes or work product), and to preclude the further use or disclosure thereof.

30. If written notice of inadvertent disclosure is provided within 10 days of the party becoming aware of the relevant inadvertent disclosure, then: (a) upon receipt of such notice of inadvertent disclosure, each receiving party shall immediately return or destroy all copies of any documents and things that the disclosing party claims it inadvertently disclosed, and, if requested in writing to do so, certify in writing to the producing party that it has done so, and (b) until any issue of how to treat such information is resolved (for example, by court order or agreement of the parties), such information shall be treated as though it subject to the claimed privilege or immunity, and shall not be further used or disseminated by the receiving party. If any receiving party disputes that any such information is subject to such privilege or immunity, or otherwise disagrees about the return, disclosure (e.g., if the receiving party disputes whether the disclosure was inadvertent), or use of any such information, then that party and the party claiming inadvertent disclosure shall meet and confer in good faith to attempt to resolve their disagreement. If those parties cannot resolve their disagreement within ten (10) days after receipt of such notice, then any of those parties may thereafter petition the court to resolve the matter. The party seeking to designate the information as subject to privilege or immunity shall have the burden of proving that the information is subject to privilege or immunity and, if relying on the rule against inadvertent waiver under this Protective Order, that the

disclosure was inadvertent and that written notice was provided within the required 10 days. When written notice of inadvertent disclosure is provided within 10 days of the party becoming aware of the inadvertent disclosure, the court will rule on claims of privilege or immunity without regard to the fact that such information has been disclosed or used.

## VIII. VIOLATION

31. Each person and entity that receives any information designated as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" agrees to be subject to the jurisdiction of this court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order, even after the conclusion of this litigation.

32. Each party shall be entitled to all remedies existing under law and equity if any information that is designated (at the time of use or disclosure) "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" is used or disclosed in violation of this Protective Order, or if any term of this Protective Order is violated in any other way. It shall not be a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

33. If any information that is designated (at the time of use or disclosure) "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" is used or disclosed other than in the manner authorized by this Protective Order, then the party responsible for such use or disclosure shall immediately disclose such use or disclosure to counsel of record and each entity that supplied or designated the affected information and, without prejudice to other rights and remedies available to the supplier or designator, shall make every effort to obtain the return of such information and prevent further improper use or disclosure of such information. Such disclosure shall include: (a) a description of the confidential information used or disclosed (with Bates numbers of any documents involved, if known); (b) the date and nature of the use and disclosure; (c) the identity of the person(s) who made such use or disclosure and to whom the confidential information was disclosed; and (d) a description of the efforts taken to comply with the provisions of this paragraph.

34. Except as provided for elsewhere in this Protective Order, any disclosure or use by any person or entity of any inadvertently disclosed or inadvertently non-designated information shall not be deemed a violation of this Protective Order if such disclosure or use occurs before that person or entity receives written notice of that inadvertent disclosure or non-designation. For purposes of this provision, oral notice recorded by a court reporter shall constitute written notice.

## IX. CONCLUSION OF LITIGATION

35. Absent a court order or written permission of the disclosing and designating party or parties, and unless otherwise stated in another provision in this Protective Order, all provisions of this Protective Order that restrict the disclosure or use of information shall continue to be binding after the conclusion of this action.

36. Upon written request by the disclosing or designating party or parties after the conclusion of this litigation and all appeals therefrom, and absent a court order to the contrary (a) all documents or things (including transcripts) produced or exchanged in this litigation, and all copies thereof, shall be returned to the producing party or destroyed and (b) anything (including without limitation exhibits and attorney work product) that contains or comprises information designated as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" shall be returned to the producing party or destroyed. Each party or entity (including without limitation, court reporters) that received or has any such documents or things, or copies thereof, shall certify in writing to counsel for the producing party that it returned or destroyed, at its option, every such document and thing, and all copies, summaries and abstracts thereof, in its possession, custody or control.

37. Notwithstanding Paragraph 36 above, each firm having counsel of record may retain for archival purposes one copy of all pleadings, papers filed with the court, written discovery requests, deposition transcripts, transcripts of court proceedings, correspondence and work product, including portions designated as "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION," subject to the continuing obligations of all other provisions of this Protective Order, and provided that nothing in said archival copy shall be disclosed to anyone other than that counsel's partners, associates or employees.

38. The court retains jurisdiction even after final disposition of this litigation to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the court at any time, before or after final disposition, for an order: (a) modifying this Protective Order; (b) seeking further protection against discovery or other use of confidential information, or documents, transcripts or other materials reflecting confidential information; or (c) seeking further production, discovery, disclosure or use of claimed confidential information, or documents, transcripts or other materials reflecting confidential information.

## X. AMENDMENTS

39. Changes or exceptions to this Protective Order may be made only by written agreement of the parties subject to court approval, or by court order.

40. This Protective Order does not abridge and is without prejudice to the rights of a party (a) to oppose or object to the disclosure, production, use or admissibility of anything, or to refuse to disclose or produce anything based on any available legal grounds or objections, (b) to modify or seek relief from this Protective Order, (c) to seek judicial review or other appropriate action regarding any court ruling concerning information that is or was designated "CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION," or (d) to seek any additional protection that the party deems appropriate.

IT IS SO ORDERED this _____ day of _____, 2006.

_____
HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND

I, _____ hereby state the following:

    I reside at _____.

I have read the Protective Order dated _____, 2006 and have been engaged as a _____ on behalf of _____ in the preparation and conduct of the action *Medtronic, Inc., et al. v. Kyphon, Inc.,* Civil Action No. C06-02559 SI in the United States District Court for the Northern District of California. I am fully familiar with and agree to comply with and be bound by the provisions of said Protective Order. I understand that I am to retain all copies of any information obtained pursuant to said Protective Order, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies, and any writings prepared by me containing any information designated "CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY" and "CONFIDENTIAL INFORMATION" are to be returned to counsel who provided me with such material.

    I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of this litigation, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order.

    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on _____, 2006     _____

6018270.doc