Frank E. Scherkenbach, SBN 142549 (scherkenbach@fr.com)
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

John M. Farrell, SBN 99649 (jfarrell@fr.com)
Fish & Richardson P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Thomas S. McClenahan, SBN 203204 (mcclenahan@fr.com)
Fish & Richardson P.C.
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, MN  55402
Telephone:  (612) 335-5070
Facsimile:  (612) 288-9696

Attorneys for Defendant
KYPHON INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| MEDTRONIC, INC., MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC VASCULAR GALWAY LTD., MEDTRONIC SOFAMOR DANEK, INC., and SDGI HOLDINGS, INC.,<br><br>          Plaintiffs,<br><br>     v.<br><br>KYPHON INC.,<br><br>          Defendant. | Civil Action No. C06-02559 SI<br><br>**KYPHON INC.'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF REGARDING CLAIM 5 OF U.S. PATENT NUMBER 5,759,173**<br><br>Date:         April 25, 2007<br>Time:        9:00 a.m.<br>Judge:       Hon. Susan Illston<br>Courtroom: 10 |

## I. INTRODUCTION

Kyphon files this supplemental claim construction brief pursuant to the Court's April 5, 2007 Order modifying the pretrial schedule. (*See* Doc. No. 158.) The Court previously granted Medtronic's motion for leave to amend its infringement contentions to add claim 5 of U.S. Patent Number 5,759,173 (the "Preissman patent"). (*See* Doc. No. 150.) Claim 5 is similar to claim 1, the other independent claim of the Preissman patent that Medtronic has asserted.[1] Claim 5, however, includes two terms not found in claim 1 that have meanings disputed by the parties: (1) "body lumen"; and (2) "spherical size which can partially or totally occlude."

## II. ARGUMENT

### A. "Body Lumen"

"Body lumen" should be construed in accordance with its plain and ordinary meaning as "the space in the interior of a tubular body structure, such as an artery or the intestine." (*See* Doc. No. 165 at 7 and Mack Decl., Exs. 1, 2 and 3.) Medtronic seeks an overly broad construction of the term because Kyphon's accused products are not used in blood vessels or other tubular body structures. Unlike the Preissman catheter, which is used to occlude or obstruct flow through a vessel, such as to treat aneurysms, Kyphon's products are used in an orthopedic procedure called Kyphoplasty, which involves drilling or pushing through the pedicle into a fractured, compressed vertebral body, guiding a small orthopedic balloon (called an inflatable bone tamp or "IBT") into the vertebral body and expanding the IBT to move the fractured bone back toward its pre-fractured state, deflating and removing the IBT, and filling the cavity with bone cement. Neither the vertebra nor the drilled pathway formed in the vertebra is a "body lumen."

Claim 5 itself and the rest of the patent specification make clear that the Preissman catheter is an occlusion catheter for occluding a vessel or other tubular structure through which something flows:

- "A balloon catheter for insertion into a body lumen . . . said balloon being selectively expandable to a spherical size which can partially or totally occlude the particular body lumen." (Doc. No. 148, Ex. D at 10:44-57.)

---

[1] Medtronic has also asserted claim 4, a dependent claim.

- "More particularly, the present [sic, invention] relates to the construction of both large and small diameter, braid-reinforced balloon catheters having controlled flexibility, a soft distal tip and an elastomeric balloon at the tip for the partial or total occlusion of a vessel; the invention can be used for a wide variety of medical applications, such as interventional cardiological or neuroradiology procedures, but are particularly useful for intercranial selective catheterization." (*Id.* at 1:18-25.)

- "It would therefore be desirable to provide improved small diameter, flexible catheters suitable for introduction to very small blood vessels, particularly to the neurological vasculature." (*Id.* at 1:66-2:2.)

- "The first component is an inner tubular member which defines the inner lumen and provides a lubricious surface to receive the fluid or device which is to be introduced to a target location within the vasculature or other body lumen."[2]  (*Id.* at 6:41-45.)

- "Doing so causes balloon 8 to expand to either partially or totally occlude the particular vessel within which the balloon has been placed.  Total occlusion of the vessel can be desired for, for example, diagnostic purposes or to permit injection of saline to promote successful use of endoscopic devices.  Partial occlusion can be useful when injecting particles, tissue adhesives or coils, when placing detached balloons and when conducting diagnostic procedures and other therapeutic procedures." (*Id.* at 9:16-24.)

- "However, balloon catheter 2 provides for both the occlusion of the vessel by elastomeric balloon 8 and an open inner passageway through inner catheter 10 for carrying out the appropriate therapy." (*Id.* at 10:10-14.)

Preissman argued during prosecution that his catheter does less damage to the vessel than prior art catheters because the spherical shape of his balloon minimizes contact of the balloon with the vessel wall:

- "The present invention is directed at a medical catheter for occluding a vasculature with minimal mechanical disruption." (Doc. No. 148, Ex. G at MEDC-000757.)

- "The distal end of the catheter has a spherical expansible member (Fig. 1) for slowing or stopping fluid flow in the vasculature through minimal contact with the walls of the vasculature." (*Id.*)

- "The spherical shaped balloon can occlude the vessel with only tangential contact of the balloon with the vessel wall.  A cylindrical balloon risks excessive disturbance of the vessel wall, which is particularly undesirable when the procedure involves the thinned blood vessel walls associated with an aneurysm." (*Id.* at MEDC-000759.)

- "New claim 32 is directed at more clearly claiming the spherical balloon of the present invention.  The claim recites the elastomeric nature of the device comprising an

---

[2] This is the only occurrence of the term "body lumen" in the Preissman patent outside of claim 5.

elastomeric balloon that can be selectively expanded to a spherical size which can partially or totally occlude the blood vessel lumen."[3]  (*Id.*)

Medtronic ignores these repeated statements of the purpose and purported advantage of the Preissman invention and argues that "body lumen" should be construed to cover any "opening or cavity in the body."  Medtronic's proposed construction is obviously aimed to encompass the pathway formed in the bony vertebra during Kyphoplasty, but neither the vertebra nor the pathway formed in the vertebra is a "body lumen."  There is no flow through the vertebra to be occluded, and the occlusion limitation of claim 5 does not make sense except in the context of a vessel or other tubular structure through which something flows.  Nor would the stated advantage of minimizing mechanical disruption caused by the balloon make sense in other contexts.  In Kyphoplasty, for example, the goal in not to *minimize* mechanical disruption, but to *cause* mechanical disruption to move the surrounding bone.

Medtronic cites some rather obscure extrinsic sources in support of its proposed construction—undoubtedly because the more mainstream sources do not support Medtronic.  Notably, however, even the definitions Medtronic relies on refer to a "hollow organ" and give as examples tubular structures such as a blood vessel, the small intestine, the stomach, and the urinary bladder.  (*See* Doc. No. 165 at 7.)  None of the definitions cited by Medtronic mentions bone as an example of a structure having a lumen.  Yet Medtronic's construction of "body lumen" is so broad it would cover any opening or cavity in the body—including even cavities in teeth.  The scope of Medtronic's construction goes well beyond the plain and ordinary meaning of "body lumen" and should be rejected.

**B.     "Spherical Size Which Can Partially or Totally Occlude"**

The parties' dispute over the term "spherical size which can partially or totally occlude" arises from the fact that the accused products have elongated balloons rather than spherical balloons and are not used to occlude anything.  The "spherical size" limitation of claim 5 is similar

---

[3]   New claim 32 of the application issued as claim 5 of the patent.  It is notable that in paraphrasing the claim that issued as claim 5, the term "blood vessel lumen" was apparently seen as interchangeable with the term "body lumen" in the claim.

to the "spherical shape" limitation of claim 1.  Whereas claim 1 simply requires that the balloon be inflatable to a "spherical shape," however, claim 5 requires that the balloon be expandable to a "spherical size which can partially or totally occlude" the claimed body lumen.

The phrase "spherical size which can partially or totally occlude" should be construed as "a spherical shape like a globe or a basketball, sized to partially or totally obstruct."  The parties have fully briefed the meaning of "spherical" in the context of claim 1.  (*See* Doc. No. 147 at 22-25 and Doc. No. 167 at 14-15.)  The same arguments apply to claim 5, and Kyphon will not repeat them here.

Both parties construe "partially or totally occlude" as "partially or totally obstruct."  While Kyphon's construction makes clear that the balloon must be spherical and sized to partially or totally obstruct, however, Medtronic's construction is vague.  It is not clear what would constitute "a sphere-like size which can partially or totally obstruct."  Thus, in addition to the reasons set forth in Kyphon's prior claim construction briefs (*see* Doc. No. 147 at 22-25 and Doc. No. 167 at 14-15), Medtronic's proposed construction should be rejected as too vague to be useful.

## III.  CONCLUSION

For the foregoing reasons, Kyphon respectfully requests that the Court construe "body lumen" as "the space in the interior of a tubular body structure, such as an artery or the intestine," and "spherical size which can partially or totally occlude" as "a spherical shape like a globe or a basketball, sized to partially or totally obstruct."

Dated:  April 16, 2007               FISH & RICHARDSON P.C.


By:  /s/ John M. Farrell
     John M. Farrell

Attorneys for Defendant
KYPHON, INC.

50411237.doc