1 | Sean P. DeBruine (SBN 168071)(sdebruine@akingump.com)
Akin Gump Strauss Hauer & Feld LLP
2 | 3000 El Camino Real
Two Palo Alto Square, Suite 400
3 | Palo Alto, CA 94306
Telephone: (650) 838-2000
4 | Facsimile: (650) 838-2001

5 | Steven M. Zager (pro hac vice)(szager@akingump.com)
Michael Simons (pro hac vice)(msimons@akingump.com)
6 | AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
7 | Houston, Texas 77002
Telephone: (713) 220-5800
8 | Facsimile: (713) 236-0822

9 | Michael A. O'Shea (pro hac vice)(moshea@akingump.com)
AKIN GUMP STRAUSS HAUER & FELD LLP
10 | 1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
11 | Telephone: (202) 887-4000
Facsimile: (202) 887-4288

Attorneys for Plaintiffs
13 | MEDTRONIC, INC.,
MEDTRONIC VASCULAR, INC.,
14 | MEDTRONIC USA, INC.,
MEDTRONIC VASCULAR GALWAY, LTD.,
15 | MEDTRONIC SOFAMOR DANEK, INC., and
SDGI HOLDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| MEDTRONIC, INC.,<br>MEDTRONIC VASCULAR, INC.,<br>MEDTRONIC USA, INC.,<br>MEDTRONIC VASCULAR GALWAY, LTD.,<br>MEDTRONIC SOFAMOR DANEK, INC., and<br>SDGI HOLDINGS, INC.<br><br>           Plaintiffs,<br>   v.<br><br>KYPHON INC.,<br>           Defendant. | **CASE NO. C06-02559 SI**<br><br>**PLAINTIFFS'** *MARKMAN* **BRIEF ON CLAIM 5 OF THE '173 PATENT** |

# TABLE OF CONTENTS

A.   "spherical size which can partially or totally occlude" .................................................. 1

    1.   The Intrinsic Evidence Supports Medtronic's Construction. ............................... 1

    2.   Kyphon's Attempt to Include Inappropriate Extrinsic Evidence From an Irrelevant Case Fails. ............................................................ 3

    3.   The Plain Meaning of Spherical .......................................................................... 3

B.   "body lumen" ..................................................................................................................... 4

    1.   The Intrinsic Evidence Supports Medtronic's Construction ................................ 4

    2.   The Extrinsic Evidence Supports Medtronic's Position ...................................... 5

# TABLE OF AUTHORITIES

*Amgen Inv. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1349 (Fed. Cir. 2003) ................... 3

*Dow Chemical Co. v. Sumitomo Chem. Co.*, 257 F.3d 1364, 1378 (Fed. Cir. 2001) ..................... 1

*Elekta Instrument S.A. v. O.U.R. Sci. Int'l, Inc.*, 214 F.3d 1302, 1308 (Fed. Cir. 2000) ........... 2, 3

*Goldenberg v. Cytogen, Inc.*, 373 F.3d 1158, 1167-68 (Fed. Cir. 2004) ...................................... 3

*N. Am. Container, Inc. v. Plastipak Pack'g, Inc.*, 415 F.3d 1335, 1346 (Fed. Cir. 2005) .............. 2

*Rheox, Inc. v. Entact, Inc.*, 276 F.3d 1319, 1327 (Fed. Cir. 2002) ................................................ 2

*Vitronics Corp v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996) ................................. 2

# TABLE OF ABBREVIATIONS

| | |
|---|---|
| M. Br. | Plaintiffs' Opening *Markman* Brief |
| M. Reply Br. | Plaintiffs' Reply *Markman* Brief |
| K. Br. | Kyphon Inc.'s Responsive Claim Construction Brief |
| K. Sur-Reply Br. | Kyphon Inc.'s Sur-Reply Claim Construction Brief |

The two phrases at issue in claim 5 of the '173 patent are "spherical size which can partially or totally occlude" and "body lumen." Both appear in the last paragraph of claim 5:

> an elastomeric balloon attached to the distal ends of the inner tubular member and the outer sheath, said balloon being selectively expandable to a ***spherical size which can partially or totally occlude*** the particular ***body lumen***.

The proposals by the parties for these two terms mirror those for the other claim terms at issue in this case: Medtronic again proposes that the terms be given their plain and ordinary meaning, while Kyphon continues to import non-existent limitations into the claims.

### A. "spherical size which can partially or totally occlude"

| Medtronic | Kyphon |
|---|---|
| a sphere-like size which can partially or totally obstruct | a spherical shape like a globe or a basketball, sized to partially or totally obstruct |

The only substantive difference between the parties' proposed constructions for this term relates to Kyphon's inclusion of the limitation "like a globe or a basketball." As was discussed in the briefing for claim 1 of the '173 patent, Kyphon attempts to import limitations into the plain meaning of the word "spherical." Moreover, claim 5 (as well as claim 1) requires an "elastomeric balloon attached to the distal end of the inner tubular member and the outer sheath." A person of ordinary skill in the art who has read the intrinsic evidence would understand that the nature of such attachments would prevent a "spherical" shape from being a globe or basketball.

#### 1. The Intrinsic Evidence Supports Medtronic's Construction.

As Medtronic has previously pointed out with regard to claim 1 of the '173 patent, a claim construction that does not include the preferred embodiment is rarely, if ever, correct. *Dow Chemical Co. v. Sumitomo Chem. Co.*, 257 F.3d 1364, 1378 (Fed. Cir. 2001). (*See* M. Br. at 12; M. Reply Br. at 11.) The preferred embodiment of the '173 patent is disclosed in Figure 1, which depicts a balloon that is rounded, but not to the degree of a globe or basketball. Medtronic seeks an interpretation of "spherical" that will, at minimum, encompass balloons similar in shape to Figure 1.

U.S. Patent No. 5,759,173 to Preissman - Fig. 1



Kyphon cites to *Elekta Instrument S.A. v. O.U.R. Sci. Int'l, Inc.*, 214 F.3d 1302, 1308 (Fed. Cir. 2000), *Rheox, Inc. v. Entact, Inc.*, 276 F.3d 1319, 1327 (Fed. Cir. 2002) and *N. Am. Container, Inc. v. Plastipak Pack'g, Inc.*, 415 F.3d 1335, 1346 (Fed. Cir. 2005) in attempting to distinguish the *Dow* principle of claim construction. (K. Sur-Reply at 14.) However, Kyphon's cases acknowledge that in interpreting a claim to exclude the preferred embodiment, "such an interpretation is rarely, if ever, correct and would require highly persuasive evidentiary support." *Elekta*, 214 F.3d at 1308, citing *Vitronics Corp v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996). *See also Rheox*, 276 F.3d at 1327.

Here, no such "highly persuasive evidentiary support" exists to exclude Figure 1. Kyphon alleges that "spherical" should mean a "globe or basketball" and that "the applicants disclaimed any broader meaning of 'spherical shape' during prosecution." (K. Sur-Reply Br. at 14.) However, neither "globe" nor "basketball" was used in the prosecution history (or the specification for that matter). Thus, it is simply not possible that all shapes other than a globe and basketball were disclaimed.

Moreover, the sole distinction made in the prosecution was that the Nobuyoshi patent was cylindrical. (*See* M. Br. at 13; M. Reply Br. at 12.) Indeed, Figure 1 was cited as an example of "spherical" in making the point. Thus, it is illogical to exclude Figure 1 since it was used to help define "spherical." Kyphon's position here fails because there is nothing in the intrinsic evidence – and certainly no "highly persuasive evidentiary support" – that can overcome the *Dow* claim construction principle.

In 2003, the Federal Circuit stated it had construed a claim to omit the single preferred embodiment in **only one case**, where the express claim language, as amended to overcome a rejection during prosecution, required such an omission. *Amgen Inv. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1349 (Fed. Cir. 2003) ("We have done so **only one time** – in an instance where the patent applicant limited the full scope of the claim language to omit the preferred (and only disclosed) embodiment in order to overcome an examiner's rejection") (citing *Elekta*, 214 F.3d at 1308) (emphasis added).

### 2. Kyphon's Attempt to Include Inappropriate Extrinsic Evidence From an Irrelevant Case Fails.

The interpretation proposed by Kyphon, "like a globe or a basketball," is from a different litigation, in a different court, relating to a different patent, in a different technical field. Thus, it **cannot** be imported into claim 5 of the '173 patent in this case. *Cf. Goldenberg v. Cytogen, Inc.*, 373 F.3d 1158, 1167-68 (Fed. Cir. 2004) (finding statements in another patent or its prosecution history irrelevant to claim construction "[a]bsent a formal relationship or incorporation during prosecution" of the patent at issue).

The patent in the other litigation (attached as Exh. Z) concerned a pedicle screw having a non-elastic screw head to be received by and cooperate with a spherical shaped receiver. This is wholly different than the balloon technology in the '173 patent. The elastomeric balloon has a shaft inserted through it, as depicted in Figure 1. Thus, the balloon must be attached to the broad outer sheath on one side and the narrow inner tubular member on the other side. Such attachments to an elastomeric balloon preclude the precision provided by machine tooling a pedicle screw. A person of ordinary skill in the art understands this and thus would not view the "spherical" balloon in the manner alleged by Kyphon. Kyphon's "like a globe or a basketball" position simply has no relevance to this case. (*See* M. Br. at 11-13; M. Reply Br. at 11-12.)

### 3. The Plain Meaning of Spherical

Both Medtronic and Kyphon have propounded an identical dictionary definition. *See Random House Webster's Unabridged Dictionary* 1836 (2nd ed. 2001) ("any rounded body approximately of this form") (Exh. AA). As established above, under *Dow*, the balloon in Figure 1 is "spherical." Thus, a

common ground here may be "any rounded body approximately of this form, such as Figure 1 of the '173 patent."

B. **"body lumen"**

| Medtronic | Kyphon |
|---|---|
| An opening or cavity in the body | The space in the interior of a tubular body structure, such as an artery or the intestine |

The dispute regarding the term "body lumen" is whether it must be tubular. The intrinsic evidence of the '173 patent does not require that the claimed "body lumen" be tubular. Further, relevant dictionaries do not require a "body lumen" to be tubular.

1. **The Intrinsic Evidence Supports Medtronic's Construction.**

The language of claim 5 does not limit "body lumen" to tubular structures. Claim 5 reads

> A balloon catheter for insertion into a body lumen, said catheter comprising:
>
> an inner tubular member having a proximal end, a distal end, and a lumen extending therethrough;
>
> an outer sheath having a proximal end and a distal end, said sheath being disposed coaxially over the inner tubular member to define an inflation lumen therebetween; and
>
> an elastomeric balloon attached to the distal ends of the inner tubular member and the outer sheath, said balloon being selectively expandable to a spherical size which can partially or totally occlude the particular body lumen.

Accordingly, the tubular limitation may not be read into the claim.

The specification of the '173 patent teaches that a vascular lumen is but one type of "body lumen." (Exh. A of M. Br., '173 patent, Col. 6, lines 41-45.) Nothing taught in the specification of the '173 patent requires that a body lumen be tubular. (*See id*., Col. 10, lines 16-20.) Moreover, the sole reference to "body lumen" in the specification indicates that the "body lumen" need only be capable of receiving a fluid or device to its target location. (*Id.*, Col. 6, lines 41-45.) Given the breadth of the teachings of the specification of the '173 patent, it is improper to restrict the term "body lumen" to a tubular structure.

### 2. The Extrinsic Evidence Supports Medtronic's Position.

Technical dictionaries provide support for a definition of body lumen that is not limited to tubular structures. For example, the *Concise Dictionary of Biomedicine and Molecular Biology* (2nd ed. 2002) at 660 defines a lumen as "[t]he internal cavity within a structure." (Exh. BB). Additionally, *Anthony's Textbook of Anatomy & Physiology* at G-9 defines lumen as "[t]he hollow area of a hollow organ such as the stomach, blood vessel, or urinary bladder; *see also* LUMINAL." (Exh. CC). Further, *The Oxford English Dictionary Volume IX* at 97 defines lumen as "an opening, passage or canal."(Exh. W of M. Br.). Persons of skill in the medical arts would not restrict the term "body lumen" to tubular structure, evidenced by the definitions recited above. Accordingly, this Court should construe the term "body lumen" as proffered by Medtronic – an opening or cavity in the body – a construction that comports with the plain and ordinary meaning of the term.

Dated: April 16, 2007         AKIN GUMP STRAUSS HAUER & FELD LLP


By_____/s/_____
    Sean P. DeBruine

Attorneys for Plaintiffs
MEDTRONIC, INC.,
MEDTRONIC VASCULAR, INC.,
MEDTRONIC USA, INC.,
MEDTRONIC VASCULAR GALWAY, LTD.,
MEDTRONIC SOFAMOR DANEK, INC., and
SDGI HOLDINGS, INC.

**CERTIFICATE OF SERVICE**

This is to certify that on April 16, 2007, I caused a true and correct copy of the foregoing **PLAINTIFFS' *MARKMAN* BRIEF ON CLAIM 5 OF THE '173 PATENT** to be served on Kyphon Inc. by electronic mail to the following individuals at the addresses listed:

| | |
|---|---|
| Frank E. Scherkenbach<br>Fish & Richardson P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804<br>Telephone: (617) 521-7883<br>Facsimile: (617) 542-8906<br>scherkenbach@fr.com | Karen I. Boyd<br>Fish & Richardson P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone: (650) 839-5070<br>Facsimile: (650) 839-5071<br>boyd@fr.com |
| Thomas S. McClenahan<br>Katherine A. Moerke<br>Michael J. Kane<br>William R. Woodford<br>Fish & Richardson P.C.<br>3300 Dain Rauscher Plaza<br>60 South Sixth Street<br>Minneapolis, MN 55402<br>Telephone: (612) 335-5070<br>Facsimile: (612) 288-9696<br>mcclenahan@fr.com<br>moerke@fr.com<br>michael.kane@fr.com<br>woodford@fr.com | Thomas L. Halkowski<br>Fish & Richardson P.C.<br>919 N. Market Street, Suite 1100<br>P.O. Box 1114<br>Wilmington, DE 19899-1114<br>Telephone: (302) 652-5070<br>Facsimile: (302) 652-0607<br>halkowski@fr.com |

      /s/ Rashida M. Lockhart
Rashida M. Lockhart